## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRUE SOCIAL EQUITY IN CANNABIS, an unincorporated association,** | ) ) ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **AKERNA CORP., GREEN THUMB INDUSTRIES, INC., ILDISP LLC, VERANO HOLDINGS CORP., SURTERRA HOLDINGS INC.** | ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

### COMPLAINT FOR EQUITABLE RELIEF UNDER THE CLAYTON ACT

Plaintiff, True Social Equity in Cannabis, an unincorporated association, through Plaintiff's lawyer, Mark T. Lavery, Esq. of Langone Law LLC, brings this action for injunctive relief to enforce Section 8 of the Clayton Act pursuant to Section 16 of the Clayton Act and states in support as follows;

### I. Nature of the Action

1. This case seeks to redress anticompetitive conduct involving the "Chicago Cartel" in the state-protected cannabis market in Illinois.

2. The "Chicago Cartel" state-protected cannabis operation was started in 2014 as part of a partnership between Michael McClain of the "Madigan Racketeering Enterprise"[1], Terrance Gainer of the U.S. Capitol Police and heir to the Jim Beam bourbon fortune, Benjamin Kovler. See Associated

---

[1] See USA v. Madigan, 1:22-cr-00115 (N.D. Ill.)

Press, "*Former US Capitol Police chief at ease with pot industry job*", November 15, 2015, ("Gainer got a call from Mike McClain, an old college friend and former Illinois state legislator. McClain had helped Green Thumb launch in Chicago, and he suggested Gainer work with it to develop security measures.").

3. The partnership between McClain, Gainer and Kovler would morph into a much larger group of people and entities controlled by Defendant Green Thumb Industries Inc. (Green Thumb).

4. Under antitrust law, including Section 8 of the Clayton Act, Defendants are considered competitors in the state-protected cannabis markets in Illinois and the United States.

5. But, in fact, Defendants Akerna Corp. (Akerna), Verano Holdings Inc. (Verano) and Surterra Holdings Inc. (Surterra) are members of the "Chicago Cartel".

6. Akerna is controlled by the Pritzker family.

7. Surterra is controlled by the Wrigley family.

8. The Pritzkers, Wrigleys and Kovlers are some of the wealthiest families in Chicago and, in fact, are some of the wealthiest families in the world.

9. Despite this wealth, members of these families have decided to enter the lucrative but dangerous world of marketing, licensing, distributing and selling marijuana in Illinois and the United States.[2]

---

[2] While not necessarily germane to this lawsuit, Plaintiff contends that the Controlled Substances Act (CSA) that prohibits the distribution and sale of certain hemp plants is unconstitutional on its face and as applied due to the

10. The "Chicago Cartel" has successfully monopolized the Illinois branded marijuana market.

11. "Branded Cannabis" or "branded marijuana" is the industry term for the group of marijuana products sold in state-protected retail locations.

12. The "Chicago Cartel" has a monopoly in the Illinois branded marijuana market.

13. Akerna, Green Thumb, Verano and Surterra are nominally "horizontal competitors" but in fact collude together as part of the "Chicago Cartel".

14. The "Chicago Cartel" owns and operates cultivation, manufacturing and retail dispensary businesses vertically integrated across "limited legal supply markets" including Illinois.

15. The "Chicago Cartel" can control prices in these markets because supply and demand can be reasonably predicted and forecast by the "Chicago Cartel" members who share price information and collude to charge monopolist prices.

16. Akerna is key to this information sharing about supply, demand and price.

17. Akerna is a company that provides technology to "Chicago Cartel" members to track prices, supply and demand in these state-protected marijuana markets.

---

racially discriminatory intent behind that law. See e.g. *United States v. Carrillo-Lopez*, 555 F. Supp. 3d 996, 1027 (D. Nev. 2021). This case focuses on the application of the Clayton Antitrust Act to the subject misconduct not the CSA. Defendants have regularly submitted documentation to the Department of Justice as required by the Hart Scott Rodino Antitrust Improvements Act. See e.g. Antitrust News: Antitrust Division Head Contests Whistleblower Allegations of Agency's Politicization Under Barr, 2020 WL 3637367 (Assistant Attorney General Makan Delrahim disputes claims that DOJ antitrust investigations of marijuana organizations were improper as claimed by disgruntled DOJ employee John Elias).

18. Akerna also obtains licenses for sellers in state-protected markets for valuable consideration as part of its "clean sweep" services.

19. Akerna "competes" with Green Thumb, Verano and Surterra to obtain the licenses in state-protected markets.

20. The "Chicago Cartel" charges supracompetitive prices for marijuana and charge the highest prices for marijuana in the United States in Illinois.

21. According to a member of the "Chicago Cartel" operation, a pound of branded marijuana sells for $300 in a competitive market like California in 2022 but sells for over $4000 in Illinois in 2022.

22. The "Chicago Cartel" controls the vast majority of the production and sale of state-protected marijuana in Illinois.

23. Green Thumb sells marijuana product grown or manufactured by Surterra and Verano.

24. Verano sells marijuana product grown or manufactured by Surterra and Green Thumb.

25. Surterra sells marijuana product grown or manufactured by Verano and Green Thumb.

26. Verano and Green Thumb use a shell company Defendant ILDISP LLC to operate dispensaries together in Illinois.

27. Green Thumb, Verano and Surterra have worked together for years to keep marijuana prices high in Illinois in part through sharing supply, demand and price information.

4

28. Akerna, Green Thumb, Verano and Surterra are all competitors for purposes of Section 8 of the Clayton Act.

29. "Chicago Cartel" members Akerna, Green Thumb, Verano and Surterra have interlocking directorates and managers in violation of Section 8 of the Clayton Act.

30. Anthony Georgiadis is chief financial officer and a board member of Green Thumb Industries Inc. and he is also a board member of competitor Akerna Corp.

31. Green Thumb and Verano are persons and competitors under Section 8 of the Clayton Act.

32. Green Thumb and Verano are directors, officers and managers of Defendant ILDISP LLC which operates a number of state-protected marijuana retail locations in downstate Illinois.

33. Edward Brown is former CEO of Patron Spirits, the seller of tequila.

34. Edward Brown now works for the Wrigley family as a director of Surterra Holdings Inc.

35. Surterra owns Windy City Cannabis which is a competitor of Green Thumb and Verano in the state-protected marijuana market in Illinois for purposes of Section 8 of the Clayton Act.

36. Edward Brown is also a director of competitor Verano.

37. Defendants have violated 15 U.S.C. § 19 due to the interlocking structures described herein.

5

38. This case is about seeking equitable relief under federal antitrust law to maintain fair competition.

## II. Jurisdiction, Venue and Standing for Plaintiff

39. This action is filed pursuant to Section 16 of the Clayton Act, as amended, 15 U.S.C. § 26, to obtain equitable relief to prevent a violation of the antitrust laws including Section 8 of the Clayton Act, as amended, 15 U.S.C. § 19.

40. Defendants license, grow, produce, transport and market marijuana and this is commercial activity that substantially affects and is in the flow of interstate commerce.

41. Defendants are all known in the state-protected marijuana industry as "multi-state operators".

42. These "multi-state operators" are engaged in activity that substantially affects and is in the flow of interstate commerce.

43. Defendants all operate in this judicial district and sell tens of millions of dollars worth of marijuana in this judicial district.

44. The Court has jurisdiction over the subject matter of this action and jurisdiction over the parties pursuant to 15 U.S.C. §26 and 28 U.S.C. §§ 1331 and 1337.

45. True Social Equity in Cannabis is an unincorporated association consisting of many members who are citizens of Illinois and other states in the United States who are united against cannabis monopolization.

6

46. Since October 16, 2020, members of True Social Equity in Cannabis have been protesting cannabis monopolization by members of the "Chicago Cartel" in Illinois and the United States.

47. Members of True Social Equity in Cannabis consist of consumers of branded marijuana in Illinois, prospective consumers of branded marijuana in other states, workers in the branded marijuana industry, entrepreneurs in ancillary hemp-related ventures and competitors or potential competitors of Defendants.

48. Plaintiff has suffered injury-in-fact and antitrust injury in the form of higher prices paid by members, lost job opportunities for members, the inability of members to obtain licenses in state-protected marijuana markets and investment losses.

## III. Defendants

49. Green Thumb Industries Inc. is a citizen of Illinois with its corporate headquarters in Chicago, Illinois.

50. Verano Holdings Inc. is a citizen of Illinois with its corporate headquarters in Chicago, Illinois.

51. Akerna Corp. is a Delaware Corporation with its headquarters in Denver, Colorado.

52. Akerna Corp. provides technology services to Green Thumb and Verano to track prices, supply and demand for marijuana in this judicial district.

53. Surterra Holding Corp. is a Delaware Corporation with headquarters in St. Petersburg, Florida.

54. Surterra owns the "Windy City Cannabis" state-protected marijuana retail locations located in this judicial district.

55. ILDISP LLC is a citizen of Illinois and operator of state-protected marijuana retail locations nominally owned by Green Thumb and Verano.

## IV. Equitable Relief Under Section 16 of Clayton Act is Appropriate

56. The Clayton Act at 15 U.S.C. § 26 provides in relevant part that, "Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws, including sections 13, 14, 18, and 19 of this title,…"

57. The "Chicago Cartel" and its interlocking directorates threaten loss and damage to the members of the True Social Equity in Cannabis association.

58. Akerna, Green Thumb, Verano and Serterra all exchange information and work to support the interests of the "Chicago Cartel" in order to extract monopolist prices from consumers as demonstrated by their flagrant and willful violation of Section 8 of the Clayton Act as expressed by the interlocking directorates and management described herein.

59. True Social Equity in Cannabis has standing as an association to bring this action for injunctive relief under 15 U.S.C. § 26 for violation of 15 U.S.C. § 19.

8

**V. Prayer for Relief**

WHEREFORE, Plaintiff requests and prays for relief in the form of judgment in Plaintiff's favor against Defendants for (1) injunctive relief enjoining Defendants from marketing, selling, licensing, distributing and growing marijuana in Illinois or the United States; (2) an order divesting Defendants of all assets; (2) an award of a reasonable attorney's fee and costs and (3) any other relief that the Court deems just.

Respectfully Submitted,

/s/    Mark T. Lavery
        Plaintiff's Counsel

Mark T. Lavery Esq.
Langone Law LLC
2275 Half Day Road
Bannockburn, IL 60015
mark@langonelaw.com
312-720-9191

9